PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 4:20CR342 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ROBERT J. ROHRBAUGH, II, | ) | |
| | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 160] |

Pending is the Government's Notice of Intent to Introduce Evidence Under Fed. R. of Evid. 404(b). ECF No. 160. Defendant Robert J. Rohrbaugh, II ("Defendant Rohrbaugh") has maintained objections made previously. *See* ECF No. 96. During a hearing held on January 13, 2023, the Court heard argument from all parties and made *Enright*[1] findings in favor of the Government's goal of admitting evidence pursuant to Rules of Evidence 801(d)(2) and 404(b), among other findings. For the reasons stated below, the Court permits the introduction of each

---

[1] To admit the statements of a co-conspirator under Rule 801(d)(2)(E), a trial court must find by a preponderance of the evidence that: (1) the conspiracy existed; (2) the defendant was a member of the conspiracy; (3) the statement was made while the conspiracy was ongoing; and (4) the proffered statement was made in furtherance of the conspiracy. *United Stated v. Lucas*, No. 19-6390, 2021 U.S. App. LEXIS 27358 (6th Cir. Sep. 9, 2021). *See also United States v. Warman*, 578 F.3d 320, 335 (6th Cir. 2009) (citing *United States v. Wilson,* 168 F.3d 916, 920 (6th Cir. 1999)). "We sometimes refer to this as an *Enright* finding." *Warman,* 578 F.3d at 335 (quoting *United States v. White,* 58 Fed.Appx. 610, 614 (6th Cir. 2003)). "To determine whether the offering party has made the necessary showing, the court may 'admit the hearsay statements subject to connection later at trial[.]'" *United States v. Lora*, 210 F.3d 373 (6th Cir. 2000) (quoting *United States v. Vinson*, 606 F.2d 149, 153 (6th Cir. 1979)).

(4:20CR342)

category of the Government's evidence pursuant to Rule 404(b) evidence or, in the alternative, the evidence is admitted as *res gestae*, *i.e.* relevant evidence.[2]

### A. Government's Rule 404(b) Evidence

In deciding the permissibility of introducing Rule 404(b) evidence, the district court employs a three-step process in which it must determine whether:

(1) the "other act" actually occurred,
(2) the evidence is offered for a permissible purpose[3], and
(3) its probative value is not substantially outweighed by unfair prejudice.

United States v. Carter, 779 F.3d 623, 625 (6th Cir. 2015) (quoting United States v. De Oleo, 697 F.3d 338, 343 (6th Cir. 2012)). Evidence of crimes or other acts that pre-date the alleged timeframe of a conspiracy may still be introduced under Fed. R. of Evid. 404(b). United States v. Love, 254 F. App'x 511, 512 (6th Cir. 2007) (permitting the Government to introduce evidence of defendant's state court conviction that occurred eight years prior to his involvement in the charged conspiracy, pursuant to Fed. R. of Evid. 404(b)); United States v. Anguiano, 11 F. App'x 415, 417 (6th Cir. 2001) (permitting the Government to introduce evidence of the co-defendants' "repeated trips to Nashville in the year preceding" the drug transactions giving rise to the

---

[2] Should any circumstance relied on in making the rulings herein change prior to or during trial, counsel shall immediately inform the Court.

[3] "Under Rule 404(b), evidence of other crimes or acts are not permissible to prove the character of the person." United States v. Johnson, 24 F.4th 590, 605 (6th Cir. 2022). "They may be admissible for other purposes, such as 'motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" Id. (quoting Fed. R. Evid. 404(b)(2)). "The list is not exhaustive, and the government may present another legitimate purpose." Id. (quoting United States v. Blakeney, 942 F.2d 1001, 1018 (6th Cir. 1991)).

2

(4:20CR342)

charged conspiracy because it was "evidence that they had both the opportunity and the intent to participate in a Nashville-based conspiracy").

Having heard the parties, the Court makes the following rulings on the proposed Rule 404(b) categories of evidence:

1. An April 2011 United States Internal Revenue Service ("IRS") interview of Defendant Rohrbaugh about coconspirator Defendant Mace.

Ruling: The Court permits the Government to introduce this category of evidence, over Defendant's objection. The three step process permitting its admission is satisfied because (i) the Court finds that this act actually occurred, having been previously provided a Memorandum of Interview, (ii) the act is being introduced for a permissible purpose, namely Defendant Rohrbaugh's knowledge of Defendant Mace, and moreover, notice of the fact that Defendant Mace was being investigated by the IRS for a tax fraud scheme, and (iii) the act's probative value is not substantially outweighed by unfair prejudice because the act tends to make it more likely that Defendant Rohrbaugh was aware of the fraudulent acts of Defendant Mace. While the Court recognizes that the dates of the alleged conspiracies span from January 2015 to April 2016, acts that predate charged conduct are still admissible for a valid purpose under Rule 404(b), such as knowledge and intent. See United States v. Censke, 449 F. App'x 456, 469 (6th Cir. 2011) (admitting acts that occurred three to five years prior to the charged conduct because the acts were "not so remote in time to fail in providing proof" of defendant's knowledge). This evidence is probative of Defendant Rohrbaugh's knowledge and intent. Also, this is relevant evidence admissible as an exception to the rule against hearsay pursuant to Fed. R. Evid. 801(d)(2)(A).

2. Testimony [of former prosecutor], journal entries, docket entries, and IRS documents regarding Defendant Rohrbaugh's prior representation of Defendant Mace in three concurrent but unrelated state cases between January 2008 and June 2011 (Stark County case 08CR00046, Geauga County case 08C00017, and Mahoning County case 10CR0111).

Ruling: Incorporating without repeating the above ruling, the Court adds that the evidence referenced in item #2 is probative of Defendant Rohrbaugh's knowledge and absence of mistake regarding the $1.3 million refund check at issue in the current case. The evidence satisfies the requirements of 404(b) evidence outlined above, including that it is admitted for a permissible purpose, that is knowledge or absence of mistake, and its probative value is not substantially outweighed by unfair prejudice.

3. Five consensually recorded meetings between Defendant Rohrbaugh (or his employee) and Defendant Mace, which occurred between February 2018 and May 2018.

3

(4:20CR342)

   Ruling: The Court permits the Government to introduce this category of evidence, over Defendant's objection. The three step process permitting its admission is satisfied because (i) the Court finds that this act occurred, based on both the Government and Defendant's representations to the Court during the Hearing, (ii) the category serves a valid 404(b) purpose, namely Defendant Baker and Defendant Mace's knowledge, plan, and absence of mistake, and (iii) the evidentiary category's probative value is not substantially outweighed by unfair prejudice because it involves a specific time range of conversations between two separate people, both of whom are named defendants in the above-captioned case. Ultimately, these statements are admissible pursuant to Fed. R. Evid. 801(d)(2)(A)-(E), as applicable.[4] Furthermore, the statements made may not be hearsay at all because the statements were *offered at trial* to establish a foundation that the statements were indeed false, or evidence of a continuing unlawful relationship. *Anderson v. U.S.* 417 U.S. 211 at 2219–20 (1974) (discussing *Lutwak v. United States*, 344 U.S. 604 (1953)). Therefore, the statements were not admitted to prove the truth of the matter asserted.

   4. Legal documents that Defendant Rohrbaugh created as a result of meetings with Defendant Mace.

   Ruling: The Court permits the Government to introduce this category of evidence, over Defendant's objection. The three step process permitting its admission is satisfied because (i) the Court finds that the act occurred, based on the representations of the Government and counsel for Defendant Rohrbaugh, (ii) the act has a valid 404(b) purpose in that it shows Defendant Rohrbaugh and Defendant Mace's intent and knowledge regarding the alleged conspiracy, and (iii) the probative value of the act is not substantially outweighed by the danger of unfair prejudice because it involves documents created as a result of interactions between Defendant Rohrbaugh and Defendant Mace. Ultimately, these statements are admissible pursuant to Fed. R. Evid. 801(d)(2)(A)-(E), as applicable. Also, to the extent the statements were made during a conspiracy, they are non-testimonial. *Swain v. Lazaroff*, No. 3:15CV1770, 2016 WL 6600426, *1 (N.D. Ohio Nov. 8, 2016) (recognizing that "[s]tatements made in furtherance of a conspiracy are non-testimonial in nature").

---

  [4] During the hearing held on January 13, 2023, in response to questioning from the Court, no party voiced a *Bruton* or *Crawford* concern. Nonetheless, the Court reminds the parties, that it is anticipated that Defendant Mace will be subject to cross-examination, eliminating *Bruton* or Confrontation Clause issues.

4

(4:20CR342)

> 5. A communications log that reflects (i) 134 text messages (including content) and (ii) 7 calls between Defendant Mace and Defendant Rohrbaugh between November 2, 2017 and June 22, 2018.
>
> Ruling: The Court permits the Government to introduce this category of evidence, over Defendant's objection. All three criteria are satisfied because (i) the evidence demonstrates that the communication actually occurred, (ii) the evidence is being offered for a permissible purpose under Rule 404(b), namely to show knowledge, as well as the nature and continuation of the unlawful relationship, and (iii) the evidence is not unfairly prejudicial because it involves specific communications between Defendant Rohrbaugh and a co-conspirator, Defendant Mace. The log and its content are admissible under Fed. R. Evid. 801(d)(2)(A)-(E), as applicable, and categorically non-testimonial. In addition, as indicated earlier, *Bruton* concerns are further allayed because Defendant Mace will be subject to cross-examination.
>
> 6. A communications log that reflects three text messages (including content) between Defendant Mace and Kasey McCollum, Defendant Rohrbaugh's legal assistant, between May 22, 2018 and May 23, 2018.
>
> Ruling: The Court permits the Government to introduce this category of evidence, over Defendant's objection. All three criteria are satisfied because it satisfies the three prong test under 404(b) because (i) the exhibit demonstrates that the communication actually occurred, (ii) it is being offered for a permissible purpose under Rule 404(b), namely to show knowledge, as well as the nature and continuation of the unlawful relationship, and (iii) is not unfairly prejudicial because it involves specific communications between Defendant Rohrbaugh's employee and a co-conspirator. Although the statements involve Kasey McCollum, who in her individual capacity is not charged in this case, her statements can still be attributed to Defendant Rohrbaugh because Kasey McCollum was his employee, *i.e.* agent, pursuant to Fed. R. Evid. 801(d)(2)(D) and categorically non-testimonial. In addition, *Bruton* concerns are further eliminated because Defendant Mace and McCollum will be subject to cross-examination.

### B. Res Gestae

The Sixth Circuit "ha[s] recognized the admissibility of *res gestae,* or relevant background evidence, in limited circumstances when the evidence includes conduct that is 'inextricably intertwined' with the charged offense." *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015) (quoting *United States v. Clay,* 667 F.3d 689, 697 (6th Cir. 2012)). "Proper

5

(4:20CR342)

background evidence has a causal, temporal or spatial connection with the charged offense." *Id*. (quoting *United States v. Hardy,* 228 F.3d 745, 748 (6th Cir. 2000)). "[Such] evidence may include evidence that is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense." *Id*. (quoting *United States v. Grooms,* 566 Fed.Appx. 485, 491 (6th Cir. 2014)).

In the alternative, the categories of evidence above are admitted as *res gestae*. See ECF No. 89 at PageID #: 791–794.

### D. Conclusion

For the reasons above, each of the Government's proposed categories of evidence are admitted under Rule of Evidence 404(b) or, in the alternative, *res gestae*. Defendant's objections are overruled and continue throughout trial and for further review.

IT IS SO ORDERED.

| | |
|---|---|
| January 13, 2023 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

6