IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:20-CR-342-2 |
| | ) | |
| PLAINTIFF, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT J. ROHRBAUGH, II, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**CONSOLIDATED MOTIONS FOR ACQUITTAL OR NEW TRIAL**

NOW COMES Defendant, Robert J. Rohrbaugh, II, by and through his attorneys, Samuel G. Amendolara, and hereby moves this Honorable Court for a Judgment of Acquittal Pursuant to Rule 29 or, in the alternative, a new trial pursuant to Rule 33.

**Motion for Judgment of Acquittal**

Mr. Rohrbaugh moves this Court for a judgment of acquittal under Rule 29 because, even viewing the evidence in the light most favorable to the government, the evidence was not sufficient to establish proof of her guilt beyond a reasonable doubt such that any reasonable juror could convict.

Under Rule 29, a defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later. The jury submitted its verdict in this case on January 25, 2023. Defendant is within the time limit to move for a judgment of acquittal.

A judgment of acquittal must be granted when, after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt. *United States v. Howard*, 621 F.3d 433, 459 (6th Cir. 2010).

Here, the evidence was simply lacking as to the critical question of whether the government had proven that Mr. Rohrbaugh knowingly and voluntarily joined the conspiracy to commit offenses against the United States. All of the relevant witnesses and even the parties admitted that Mr. Rohrbaugh had no knowledge that Mr. Mace and others filed numerous false tax returns and other documents in a fraudulent effort to trick the United States Treasury into issuing a refund. In fact, Mr. Mace testified that he had no real plan when confronted with the fact that all of the addresses on the returns pointed back to him or others directly involved.

Mr. Ross from the Internal Revenue Service testified that he issued levies to recover the funds well after the check had been cleared by the banking system and the treasury itself. It was also established that many other third parties received monies from the cashed refund check. The government itself knew of Mr. Mace's past and his efforts to get refunds. The IRS stopped several other attempts by Mr. Mace to get false refunds. There is no evidence that Mr. Rohrbaugh knew or was involved in any of those schemes.

In simple terms the treasury sent a refund to Mr. Mace. Mr. Mace was not entitled to the refund, but he and others spent the money cleared by the treasury. Mr. Rohrbaugh conducted legitimate legal work for Mr. Mace as he had in the past. He was paid from deposited funds derived from the treasury refund. Mr. Rohrbaugh was clearly owed money for his past and present legal work.

Mr. Mace didn't have a long-term plan as he testified to, it didn't appear that he thought the possibility of the refund was anything but a dream. Mr. Mace didn't need Rohrbaugh to get a bank account or cash the check. Mr. Mace could have continued his scheme without the

assistance of Rohrbaugh. He didn't need to legitimize; the check had already issued. As Mr. Ross put it, this was a common "crackpot" prison scheme. But Mr. Mace had convinced others that he could make it work and he used Rohrbaugh as a buffer, using Mr. Mace's own words.

Mr. Rohrbaugh was used by Mr. Mace, a common occurrence for those around Mr. Mace, including the government. Mr. Mace used the government to permit him to cooperate against Mr. Rohrbaugh and secure, hopefully, at least a partial get-out-of jail free card. The evidence, outside of Mr. Mace, could not have convinced any finder of fact that Mr. Rohrbaugh was guilty of anything. In fact, a previously impaneled jury could not reach a conclusion on the same charges even with the benefit of the deliberate indifference jury instruction that changed the nature of the indicted element of knowing.

However, with the encouragement of the government, the jury was able to *assume* that Mr. Rohrbaugh had knowledge of the falsity of the refund even though the IRS, with more knowledge about the circumstances, was dupped into issuing and clearing the refund. The government expected that Mr. Rohrbaugh, who was owed money from Mr. Mace, would not take payment for work done because Mr. Mace was a criminal, even though the same money was being used through a bank to pay other parties for goods and services. The assumptions that were made were based on over a ten-year time span of selected information and events. The assumptions of the jury were necessary because the proof was not adequate for a lawful conviction.

Moreover, the government's primary evidence against Mr. Rohrbaugh – the testimony of Brandon Mace – was not reliable and inconsistent with Mr. Mace's prior statements including the conveniently unsubstantiated claims of unrecorded phone conversations from behind prison walls.

Criminal investigations that utilize undercover informants require agents to properly verify and vet the cooperating individuals. The criminal investigator in this case IRS Agent O'Boyle was not called to testify and in the previous trial was prevented from testifying. One of the reasons believed by the defendant for his absence from trial was lack of following normal protocol by using Mr. Mace as a source. Mr. Mace's background would likely have prevented any agent from using him as a reliable source. And it would have been unlikely that a supervisor would have approved the use of Mr. Mace because of his background and his pending investigations and prosecutions in several matters, his drug use, and his history with the agency.

In opening a CHS (confidential human source), an FBI agent shall document information pertaining to that source and forward it to an appropriate FBI supervisor for an initial validation. At a minimum, an FBI agent shall provide the following information to facilitate the initial validation process: (1) basic identifying information that establishes the person's true identity, or the FBI's efforts to establish the individual's true identity; (2) a photograph of the person (when possible); (3) whether the person has a criminal history, is reasonably believed to be the subject or target of a pending criminal investigation, is under arrest, or has been charged in a pending prosecution; (4) the person's motivation for providing information or assistance, including any consideration sought from the government for this assistance; (5) any promises or benefits, and the terms of such promises or benefits, that are given a CHS by the FBI, federal prosecuting office (FPO), or any other law enforcement agency (if known, after exercising reasonable efforts)… (11) the person's reliability and truthfulness; (12) the person's prior record as a witness in any proceeding; (13) whether the person is reasonably believed to pose a danger to the public or other criminal threat, or is reasonably believed to pose a risk of flight; (14) whether the person is a substance abuser or has a history of substance abuse…*Pg. 31 GAO Report,* Attorney General Guidelines for Vetting Informants, https://www.gao.gov/assets/gao-15-807.pdf.

It was made abundantly clear that Mr. Mace has a long and substantial criminal history and even admitted committing perjury. He was unreliable for truthfulness and the government agents knew this.

The previous trial of this case resulted in a hung jury. The jurors could not agree that Mr. Rohrbaugh was guilty beyond a reasonable doubt. On the contrary, they found him not guilty of Count 5. That jury did not find the government's evidence to be sufficient to warrant a guilty

verdict. To maintain the verdict of guilty would be a miscarriage of justice. Therefore, Mr. Rohrbaugh requests a judgment of acquittal.

**Motion for New Trial**

Under Rule 33, upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.

The time period for a motion for new trial under Rule 33 that is grounded on any reason other than newly discovered evidence is within 14 days after the verdict or finding of guilty. The jury submitted its verdict in this case on January 25, 2023. Defendant is within the time limit to move for a new trial.

    a. **Jury Instructions**

The jury instruction on deliberate indifference permitted the jury to consider all of the prior acts and circumstances under the same light as being a part of the case charged. The prior acts evidence was requested to prove intent. Yet knowledge was altered to provide a greater consideration of the other acts. Changing the statutory term of the *mens rea* to include what someone should have known over ten years of information opens the finder of fact up to consider anything as knowledge of the crime charged. Caution should also be used when deciding to use a deliberate ignorance instruction because it "presents the danger that a jury will convict a defendant on the basis of the lesser mens rea of negligence – punishing the defendant for what he should have known." *United States v. Newall*, 315 F. 3d 510, 528 (5th Cir. 2002).

The evidence at trial in this case supported only two scenarios: either Mr. Rohrbaugh knew of the conspiracy, or he did not. Deliberate ignorance is not a factor. The government presented no evidence that Mr. Rohrbaugh took steps to actively avoid any knowledge of criminal suspicion. Since this evidence was lacking, the government should not have been

allowed to effectively reduce its burden of proving the required *mens rea*. The deliberate ignorance instruction did just that. Mr. Rohrbaugh respectfully argues that the Court giving this instruction was unnecessary and confusing for the jury, allowing them to convict him on essentially negligence because they believed Mr. Rohrbaugh should have known that the tax return filed was fictitious. This instruction deprived Mr. Rohrbaugh of a fair trial and, as such, he requests that a new trial be ordered.

WHEREFORE, Mr. Rohrbaugh humbly requests this Court for a judgment of acquittal pursuant to Rule 29 or, failing that, a new trial pursuant to Rule 33.

Respectfully submitted,

/s/*Samuel Amendolara*
Attorney Samuel Amendolara #0009316
Attorney for Robert Rohrbaugh
755 Boardman-Canfield Road, #M-1
Youngstown, Ohio 44512
Telephone: (330) 423-0409 Ext.2
attyamendolara@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

Respectfully submitted,

/s/Samuel Amendolara
Attorney Samuel Amendolara #0009316
Attorney for Robert Rohrbaugh