PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  4:20-CR-342-3 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ROBERT J. ROHRBAUGH, II, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 184] |

Pending before the Court is Defendant Robert J. Rohrbaugh's Motion for Acquittal and Motion for New Trial.  *See* ECF No. 184.  The Government filed a response opposing Defendant's motion.  *See* ECF No. 195.  For the following reasons, the Court denies Defendant's motion.  *See* ECF No. 184.

### I. Background

On January 25, 2023, a jury found Defendant Rohrbaugh guilty of the four counts remaining in the Superseding Indictment[1]: (1) Conspiracy to Commit Offenses Against the United States, in violation of 18 U.S.C. § 371 (Count One), (2) Theft of Government Property, in violation of 18 U.S.C. §§ 641 and 2 (Count Two), (3) False Claims against the United States, in violation of 18 U.S.C. §§ 287 and 2 (Count Three), (4) Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h) (Count Four).

---

[1] A prior jury acquitted the defendant of Count Five of the Superseding Indictment, Filing False Tax Return.  *See* ECF No. 114-1 (Verdict Forms).

(4:20-CR-342-3)

## II. Discussion

### A.  Motion for Judgment of Acquittal

The Court is permitted to set aside a guilty verdict and enter an acquittal, if the evidence is insufficient to sustain a conviction.  *See* Fed. R. Crim. P. 29.  When reviewing a motion for judgment of acquittal, the Court must view the evidence "'in the light most favorable to the prosecution,' and may not enter a judgment of acquittal if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *United States v. Paulus*, 894 F.3d 267, 274 (6th Cir. 2018) (quoting *United States v. Persaud*, 866 F.3d 371, 380 (6th Cir. 2017)).  To succeed on a motion to acquit under Rule 29, "a defendant claiming 'insufficiency of the evidence bears a very heavy burden.'"  *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006) (quoting *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir.1986)).  This is because the Court employs a "strong presumption in favor of sustaining a jury conviction," *United States v. Peters*, 15 F.3d 540, 544 (6th Cir. 1994), and "draw[s] all available inferences and resolve[s] all issues of credibility in favor of the jury's verdict."  *United States v. Maliszewski*, 161 F.3d 992, 1006 (6th Cir. 1998).  "[C]ircumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *Peters*, 15 F.3d at 544 (quotation marks and citation omitted).

To obtain a judgment of acquittal, Defendant Rohrbaugh must show that any rational trier of fact could not have found the essential elements of his crimes, as outlined in the Superseding Indictment, beyond a reasonable doubt.  Defendant's Motion for Judgment of Acquittal broadly challenges the basis for his conviction on Counts One-Four, beginning with the assertion that "the evidence was simply lacking as to the critical question of whether the government had proven that [he] knowingly and voluntarily joined the conspiracy to commit offenses against the United States."  ECF No. 184 at PageID #: 4276.  Warming to his cause, Defendant later asserts

2

(4:20-CR-342-3)

that "[t]here is no evidence that Mr. Rohrbaugh knew or was involved in any" of the schemes that resulted in his conviction. ECF No. 184 at PageID #: 4276. Defendant emphasizes that "[a]ll of the relevant witnesses and even the parties admitted that Mr. Rohrbaugh had no knowledge that Mr. Mace and others filed numerous false tax returns and other documents in a fraudulent effort to trick the United States Treasury into issuing a refund." ECF No. 184 at PageID #: 4276. Defendant also argues that the testimony of Brandon Mace was unreliable given his criminal history and alleged prior inconsistent statements. *See* ECF No. 184 at PageID #: 4277-4278. Additionally, Defendant intones that "criminal investigator in this case IRS Agent O'Boyle was not called to testify and in the previous trial was prevented from testifying." ECF No. 184 at PageID #: 4278. Defendant also alleges that Agent O'Boyle's absence was due to a "lack of following normal protocol by using Mr. Mace as a source." ECF No. 184 at PageID #: 4278.

In response, the Government directs the Court's attention to the "dozens of communications—jail emails, phone calls, letters—between and among co-defendants Mace, Baker, and Rohrbaugh" that the jury saw and heard throughout trial. ECF No. 195 at PageID #: 4375; *see also* ECF No. 195 at PageID #: 4376-4379. The Government emphasized that the jury heard testimony from co-conspirator Brandon Mace, as well as several witnesses outside of the conspiracy, including IRS Revenue Officer David Ross, Kasey McCollum and Gennaro Ricciardi. *See* ECF No. 195 at PageID #: 4380-4381. The Government recalled that Officer Ross testified that he directly asked Defendant if he had received any funds from the Speed Werks refund check and that, in response, Defendant did not mention the $1.3 million refund check. *See* ECF No. 195 at PageID #: 4380-4381. The Government also urged the Court to recollect that Defendant's long-term administrative assistant, McCollum, "testified that she joked with Rohrbaugh about the bogus nature of the refund check before it was negotiated," and that

3

(4:20-CR-342-3)

Defendant's accountant, Ricciardi, testified that he "revoked his Power of Attorney with the IRS for Speed Werks and walked away from his accounting work on the Speed Werks levies once Revenue Officer Ross told him that Mace was in jail for tax fraud."  ECF No. 195 at PageID #: 4381.

### 1. Conspiracy to Commit Offense against the United States--Count One

Count One of the Superseding Indictment required the Government to prove (1) that two or more persons conspired, or agreed, to commit the crime of Theft of Government Property and/or False Claims Against the United States, (2) that Defendant knowingly and voluntarily joined the conspiracy, and (3) that a member of the conspiracy did one of the overt acts described in the Superseding Indictment for the purpose of advancing or helping the conspiracy.  Contrary to Defendant's assertions,  the Government introduced overwhelming evidence to prove the elements of Count One.  This evidence included testimony from myriad government witnesses and voluminous trial exhibits. The exhibits included emails, letters, text messages, and recorded conversations Defendant Rohrbaugh had with co-conspirators.  ECF No. 195 at PageID #: 4372. Even if the Court were to agree that Mace's testimony was unreliable, "it is well-settled that uncorroborated testimony of an accomplice may support a conviction in federal court." *United States v. Graham*, 622 F.3d 445, 448 (6th Cir. 2010) (quoting  *United States v. Spearman,* 186 F.3d 743, 746 (6th Cir. 1999)).  In this case, however, Mace's testimony was largely corroborated, making it even more likely that a rational trier of fact could have relied on it, in addition to the other evidence presented, to find the essential elements proven beyond a

4

(4:20-CR-342-3)

reasonable doubt.  Because the jury received sufficient evidence to convict Defendant, the Court need not speculate about the absence of Agent O'Boyle's testimony.[2]

The motion for acquittal is denied as to Count One.

### 1.  Aiding and Abetting Theft of Government Property--Count Two

Count Two of the Superseding Indictment required the Government to prove (1) that the money or property described in the Superseding Indictment belonged to the United States Government, (2) that Defendant stole that money or property, (3) that Defendant acted knowingly and willfully with the intent to deprive the Government of the use and benefit of its money or property, and (4) that the value of the money or property was greater than $1,000.

The Government submitted evidence of the $1.3 million IRS refund check, satisfying the first and fourth elements of Count Two.  "The jury also saw bank records from Speed Werks and traced the deposit of $150,000 in proceeds from the refund check into Rohrbaugh's business and IOLTA accounts," satisfying the second element.  ECF No. 195 at PageID #: 4375.  Element three of Count Two was satisfied through the testimony of IRS Agent Ross, McCollum and Mace during the trial, in culmination with the email communications between Mace and Defendant, all of which was submitted by the Government.  This evidence supported the Government's theory that Defendant knew that the IRS refund check was fraudulent; and, nevertheless, Defendant's intent to use the fraudulent funds.

Defendant's motion for acquittal is denied as to Count Two.

---

[2] That said, Defendant's statement that Agent O'Boyle was prevented from testifying at the previous trial is only part of the story.  Defendant failed to meet *Touhy* obligations at the prior trial and, while under no obligation to call witnesses, Defendant made no attempt to call Agent O'Boyle at the most recent trial.

5

(4:20-CR-342-3)

### 2.  Aiding and Abetting False Claims against the United States--Count Three

Count Three of the Superseding Indictment required the Government to prove that (1) Defendant knowingly made or presented a claim to the United States Department of Treasury, (2) the claim which was made or presented was a claim against the United States or a department or agency of the United States, and (3) Defendant presented the claim knowing that it was false, fictitious or fraudulent.  As with Count Two, Defendant's knowledge of the fraudulent nature of the IRS $1.3 million refund check was established primarily through witness testimony, including that of McCollum and Mace, as well as the corroborating communications between Mace and Defendant introduced into evidence by the Government.  *See* ECF No. 195 at PageID #: 4379.  The Government also introduced evidence, including bank records and the testimony of IRS Agent Ross and McCollum, that the check was presented for payment and was indeed a claim against the United States or one of its agencies or departments, satisfying the remaining elements of Count Three.

Defendant's motion for acquittal is denied as to Count Three.

### 3.  Conspiracy to Commit Money Laundering--Count Four

Count Four of the Superseding Indictment required the Government to prove that (1) two or more persons conspired, or agreed, to commit the crime of Money Laundering, and (2) Defendant knowingly and voluntarily joined the conspiracy.  As has been established through the evidence presented in support of convictions on Counts One, Two, and Three, the testimony of IRS Agent Ross, McCollum, and Mace, among others, along with the evidence of communications between Defendant and Mace, and the bank records presented, the Government submitted evidence sufficient to convict Defendant of Count Four.

Defendant's motion for acquittal is denied as to Count Four.

6

(4:20-CR-342-3)

Viewing the totality of the evidence in the light most favorable to the Government, the evidence presented was sufficient for a reasonable jury to find Defendant guilty of all four counts.  Defendant's motion for acquittal is denied in its entirety.

## B.  Motion for New Trial

### 1.  Deliberate Ignorance Instruction

On a motion by a defendant, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33.  "A trial court should only grant the motion when the verdict is against the 'manifest weight' of the evidence."  *United States v. Bowens*, 938 F.3d 790, 796 (6th Cir. 2019) (quoting *United States v. Mallory*, 902 F.3d 584, 596 (6th Cir. 2018)).  "Such a motion calls on the trial judge to take on the role of a thirteenth juror, weighing evidence and making credibility determinations firsthand to ensure there is not a miscarriage of justice."  *Mallory*, 902 F.3d at 596.

Defendant Rohrbaugh moves for a new trial, arguing that the court's deliberate ignorance instruction was impermissible.  *See* ECF No. 184 at PageID #: 4279-4280.  In support of his Motion for New Trial, Defendant argues that "the Court giving [the deliberate ignorance] instruction was unnecessary and confusing for the jury, allowing them to convict him on essentially negligence because they believed Mr. Rohrbaugh should have known that the tax return filed was fictitious."  ECF No. 184 at PageID #: 4280.  Both the Government and Defendant addressed the issue of knowledge in their trial briefs, leaving no dispute that Defendant denied having knowledge as to the filing of false tax returns and other fraudulent document for the purpose of a refund.  *See* ECF Nos. 157, 162.

"[A]n instruction regarding 'deliberate ignorance' explains to the jury that a statutory knowledge element can be satisfied by 'the deliberate avoidance of knowledge.'"  *United States v. Patel*, 651 F. App'x 468, 471 (6th Cir. 2016).  While the Sixth Circuit advises that the Court

7

(4:20-CR-342-3)

take great care when imposing such an instruction, its appropriateness is established when the

defendant claims a lack of knowledge and "the facts and evidence support an inference

of deliberate ignorance. *Id.* (internal citations omitted). These instructions are subject to

reversal only when they are "viewed as a whole, [to be] confusing, misleading, or prejudicial."

*United States v. Kuehne*, 547 F.3d 667, 679 (6th Cir. 2008).

  In response to the evidence presented, the Court gave a deliberate ignorance instruction

mirroring the Sixth Circuit's Pattern Instruction 2.09, an instruction that has been established as

an accurate statement of law. *See United States v. Mari*, 47 F.3d 782, 785 (6th Cir. 1995) ("the

Sixth Circuit's Pattern Jury Instruction on deliberate ignorance, by its own terms, only applies

when there is sufficient evidence to support a finding of deliberate ignorance beyond a

reasonable doubt. "); *United States v. Reichert*, 747 F.3d 445 (6th Cir. 2014). In response to the

evidence presented, the Court instructed the jury that no one can know the mind of another. *See*

Pattern Crim. Jury Instr. 6th Cir. 2.08 (Oct. 2021). The Court also instructed the jury that it was

permitted to rely on its common sense and able to make reasonable inferences based on the

evidence presented. *See* Pattern Crim. Jury Inst. 6th Cir. 1.05 (Oct. 2021). Among the evidence

the jury had to consider was evidence that Defendant and those close to Defendant mistrusted co-

conspirator Mace.[3] Evidence of statements made by Defendant and testimony from witnesses,

including Mace, McCollum[4], and IRS Agent Ross, spoke directly to their impressions of

---

  [3] At trial, McCollum testified that she "felt like [Brandon Mace] was not trustworthy, and anytime something came up with Brandon, [she] questioned it right off the bat." McCollum, Tr. *United States of America v. Rohrbaugh, II.*

  [4] McCollum's testimony, on this point, bears repeating:

> **Q.** Ms. McCollum, it's fair to say you did not think that check was real, correct?
> **A.** Yes.
> **Q.** People at the bank didn't think that check was real?

(4:20-CR-342-3)

Defendant's knowledge regarding the criminality of the activities involving Mace and the $1.3 million IRS check.  The issue of Defendant's knowledge, rather by inference or fact was placed before the jury.  *See* ECF No. 184 at PageID #: 4276; *see also* ECF No. 195 at PageID #: 4386-4387.  The Court maintains that, in response, the deliberate ignorance instruction given was warranted.  United States v. Mitchell, 681 F.3d 867, 873 (6th Cir. 2012).

Defendant's motion for a new trial is denied.

### C.  Conclusion

For the foregoing reasons, the Court sustains the jury's convictions.  Defendant's Motion for Judgment of Acquittal and Motion for New Trial (ECF No. 184) is denied.  Defendant's sentencing is May 16, 2023, at 1:30 p.m. in Courtroom 351 of the Thomas D. Lambros Federal Building and United States Courthouse located at 125 Market Street, Youngstown, Ohio 44503.  *See* ECF No. 183 at PageID #: 183.

IT IS SO ORDERED.

| | |
|---|---|
| March 24, 2023 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |

---

**A.** Yes.
**Q.** Mr. Rohrbaugh didn't think that check was real, right?
**A.** Yes.
**Q.** And you were shocked when it cleared, correct?
**A.** Correct.

McCollum, Tr. *United States of America v. Rohrbaugh, II*.

9